THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* FRANK SHEPPARD, Appellant.

*Evidence — an entry in a family bible as to the age of a female, is not admissible in a
criminal prosecution for the offense of using a female under the age of sixteen years
for the purpose of sexual intercourse, except where a case is made justifying the
introduction of hearsay evidence.*

Appeal from a judgment of the Court of General Sessions convicting the defendant of feloniously taking, etc., a female under the age of sixteen years for the purpose of sexual intercourse.

The court at General Term said : "The defendant was indicted under section 282 of the Penal Code for that he did feloniously take, receive, harbor and use one Mamie Sherman, who was then and there a female under the age of sixteen years, to wit : of the age of fifteen years, for the purpose of sexual intercourse ; he, the said Frank Sheppard, not being then and there the husband of the said Mamie Sheppard, against the form of the statute in such case made and provided.

"The section referred to declares that a person who takes, receives, harbors or uses a female under the age of sixteen years for the purpose of sexual intercourse, not being, her husband is guilty of abduction. The intercourse having been established by proper proof, or admitted as it was in this case, the prosecution undertook to show beyond reasonable doubt and by proper evidence the age of the complainant.

"Upon the trial it appeared that the father of the complainant was living, notwithstanding which an entry in what was said to be the family bible as to the time of the birth of the complainant, was admitted in evidence against the strenuous objection of the appellant's counsel. We have not been referred to any authority which justified the proceeding. On the contrary, it appears that in one case, cited on behalf of the people, viz., the *Berkeley Peerage Case* (4 Camp., 401), the father of the infants' whose ages were in question, was dead. And in *Phillip's on Evidence* (4 Am. ed. with Cowen & Hill's notes, at page 255), it is stated that, although 'an entry in a family bible has been considered to derive credit from the circumstance of its being entered in a book which is kept as the ordinary

register of families, and as admissible, therefore, on account of its publicity in the family, without proof that such entry was made by a member of the family," it is, nevertheless, said to be hearsay evidence admissible in matters of pedigree only.

"The rule is distinctly stated in Greenleaf on Evidence, section 104, as follows: 'An entry by a deceased parent or other relative, made in a bible, family missal, or any other book, or in any document or paper, stating the fact and date of the birth, marriage or death of a child, or other relative, is regarded as a declaration of such parent or relative in a matter of pedigree.' Although it is stated in the margin to have been held that the declarations of the deceased parent as to the place of birth of a child were inadmissible.

"This case involves no question of pedigree. The admission of the family bible was, therefore, error. It may probably be claimed that it was properly received for the reason that the whereabouts (to use the language of the learned counsel for the people) of the father were not known, that he had deserted his family and it was impossible to bring it any closer to him. It appears in the case that after his wife's death, he left New York to work on some road in Pennsylvania. But the record does not disclose any effort on the part of any person connected with the prosecution to discover the *locus in quo* of the father. *Non constat* but that he might have been in the city of New York. This is not regarded as a sufficient reason for admitting the bible in contravention of the established rule as shown in the citations made.

"It is declared in section 527 of the Code of Criminal Procedure, that an Appellate Court may order a new trial if satisfied that justice requires it whether any exception was taken or not in the court below.

"We think, that for the reasons given, injustice was done, and that a new trial should be ordered."

*W. F. Howe*, for the appellant.

*Jno. D. Lindsay*, for the respondent.

Opinion by BRADY, J.; VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered.